## UNITED STATES v. MAXWELL et al.

### (District Court, E. D. South Carolina. August 22, 1922.)

United States ☞73—Action of government in seizing materials of contractor for war purposes may relieve him from liability for nonperformance.

    Action of the government in its sovereign capacity in seizing the materials of a contractor for public work for war purposes, or otherwise preventing him from performing the contract, may be such as to relieve him and his surety from liability for nonperformance.

At Law. Action by the United States against William H. Maxwell and the Globe Indemnity Company. On demurrer to answer. Overruled.

J. D. Meyer, U. S. Atty., and L. M. Shimel, Asst. U. S. Atty., both of Charleston, S. C., for the United States.

Benet, Shand & McGowan, of Columbia, S. C., for defendant Maxwell.

Tompkins, Barnett & McDonald, of Columbia, S. C., for defendant Globe Indemnity Co.

SMITH, District Judge. This is an action at law, brought by the United States against a building contractor for the construction of a public building, and his surety, to recover damages incurred by the failure of the contractor to perform his contract.

The answer of the defendant sets up a general denial, and in addition sets up the defenses that the failure to perform the contract within the time required by his contract, or even to be able to perform it at all, was due to the actions of the United States government during the war in seizing his material, and by other acts exercised in its sovereign capacity, making it impossible for him to perform his contract.

To this answer a demurrer has been filed on behalf of the United States, to the effect that these defenses should be struck out, inasmuch as the grounds set up as matters of defense were the acts of the

government in its sovereign capacity, and, the United States being wholly different in its sovereign capacity from its position as a party to a construction contract, its acts in a sovereign capacity could in no wise constitute a defense on behalf of the defendant.

This may be so, and it may be entirely correct that the United States as a party to a contract is a wholly different entity from the United States in its sovereign capacity, acting for the benefit, or defense, of the country at large. At the same time, it may well be that the contract stands in the same position, and it is to be construed just as if it was made by two individuals, instead of with the United States. In other words, in enforcing the contract, the United States stands in the position of any other individual who had made a contract with a contractor for the construction of a building in a certain manner, and with certain materials, and within a time limited, and the performance of the contract had been secured by the building contractor by a bond to perform his part of the contract.

In that case, if the acts of the sovereign or the contingencies of war had made it absolutely impossible, without any default whatsoever on the part of the building contractor, to perform his work, there are cases in which he would be excused; as, for instance, if in consequence of a war declared by the sovereign it had taken possession of the building in course of construction and wholly destroyed it, or any other such contingency coming within the terms of the law, the defendant might be able to set it up.

A great deal in this case depends upon the facts whether or not the contingencies which prevented, as alleged in the answer, the performance by the building contractor of his contract, were such as he could have guarded himself against in his contract, or were such as would relieve him if his contract had been made with an individual, and wholly independent of the United States.

Should the demurrer be upheld, and the appellate court take a different view from this court, in that case the action would have to come back for a new trial; but if all the testimony is taken, and the facts are before the appellate court, then the final judgment either way, if affirmed, or if reversed, would practically be an end of the case; and under all these circumstances, in the opinion of the court, the demurrer should be overruled, but leave reserved to the plaintiff at the trial to make all the legal questions set up in the demurrer, with full effect and independent of this ruling.

It is therefore ordered that the demurrer be overruled as at this time, and that the case stand for trial, but with leave to the United States, the plaintiff, at any time during the progress of the cause, to set up and urge all the legal questions raised by the demurrer in like manner as if this ruling had not been made.